UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HAROLD J.,

                 Plaintiff,

   v.

ANDREW M. SAUL,
Commissioner of Social Security,

               Defendant.

CASE NO. C19-1147-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1961.[1] He completed high school and previously worked as resident care aide, psychiatric trainer, and medical record technician. (AR 48-50.)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

Plaintiff protectively filed a DIB application on November 29, 2016 alleging disability beginning November 28, 2016. (AR 174.) The application was denied at the initial level and on reconsideration. On April 25, 2018, ALJ Jennie McLean held a hearing, taking testimony from plaintiff and a vocational expert (VE). (AR 34-60.) On September 21, 2018, the ALJ issued a decision finding plaintiff not disabled. (AR 20-29.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on June 26, 2019 (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's degenerative disc disease of cervical and lumbar spine; status post partial L5 corpectomy with lumbar laminectomy and foramenotomy severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found the impairments did not meet or equal a listing.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform sedentary work, with the ability to lift, carry, push or pull ten pounds occasionally and less than

ten pounds frequently; sit for six hours and stand and/or walk for two hours throughout an eight-hour workday; and able to occasionally kneel, crouch, crawl, stoop, and climb ramps and stairs, but never climb ladders, ropes, or scaffolds. With that assessment, the ALJ found plaintiff unable to perform past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found plaintiff capable of performing other jobs, such as work as a medical voucher clerk, registration clerk, and hospital admitting clerk.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in assessing his symptom testimony, assessing medical opinions, and in failing to develop the record. He requests remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

Symptom Testimony

The rejection of a claimant's symptom testimony[2] requires the provision of specific, clear, and convincing reasons. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).

"While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); Social Security Ruling (SSR) 16-3p. An ALJ therefore properly considers whether the medical evidence supports or is consistent with a claimant's allegations. *Id.*; 20 C.F.R. § 404.1529(c)(4) (symptoms are determined to diminish capacity for basic work activities only to the extent the alleged functional limitations and restrictions "can reasonably be accepted as consistent with the objective medical evidence and other evidence.") An ALJ may reject symptom testimony upon finding it contradicted by or inconsistent with the medical record. *Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). An ALJ also properly considers evidence associated with treatment, § 404.1529(c)(3), SSR 16-3p, including evidence of improvement. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Tommasetti v. Astrue*, 533 F.3d 1035,

---

[2] Effective March 28, 2016, the Social Security Administration eliminated the term "credibility" from its policy and clarified evaluation of symptoms is not an examination of character. Social Security Ruling 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

ORDER
PAGE - 4

1039-40 (9th Cir. 2008) (favorable response to conservative treatment undermined allegation of disabling nature of pain); and *Morgan v. Commissioner of the SSA*, 169 F.3d 595, 599-600 (9th Cir. 1999) (contrary to plaintiff's claimed lack of improvement, physician reported symptoms improved with use of medication). An ALJ may find evidence of a claimant's activities to undermine symptom testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007); *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1227 (9th Cir. 2009). *See also* 20 C.F.R. § 404.1529(c)(3)(i) (including daily activities as a factor to be considered in relation to a claimant's symptoms).

The ALJ here found plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms not entirely consistent with and supported by the medical and other evidence in the record. She provided specific, clear, and convincing reasons in support.

A. <u>Effective Treatment</u>

The ALJ construed the evidence to show treatment, including medications in conjunction with facet blocks and injections, had been relatively effective in controlling symptoms. (AR 25.) The record contains substantial evidence support for this conclusion.

As reflected in the ALJ's description of the record, following 2016 MRI and x-ray evidence showing severe stenosis, plaintiff, in late 2017, underwent spinal surgery and reported and demonstrated improvement in subsequent months. (AR 24.) For example, plaintiff's surgeon noted plaintiff had barely been able to withstand ambulation for one block prior to surgery and, after surgery, was able to walk four blocks two times daily, one mile twice weekly,[3] and no longer used a cane. (AR 24, 241, 393.) Examination findings and updated lumbar x-rays documented plaintiff's improvement. (AR 24 (plaintiff had no difficulty acquiring full upright position getting

---

[3] It is apparent the ALJ's statement plaintiff could walk "four blocks two times *daily* and one mile twice *daily*" contains a typographical error. (AR 24 (emphasis added); *see also* AR 393 ("He has been walking four blocks two times daily and one mile twice weekly").)

ORDER
PAGE - 5

out of a chair, stood more erect with balanced gait and pelvis level with floor, straight leg raising was normal bilaterally, and he was neurologically intact; x-rays confirmed hardware remained in good position, with no evidence of loosening or failure; doctor recommended injections and a referral to pain management) (citing AR 393-95).) In late August 2017, after developing pain in his lower extremities, plaintiff entered into pain management with Jamie Lim, M.D. and reported and demonstrated improvement with the receipt of lumbar facet medial branch blocks and sacroiliac joint injections. (AR 24-25.) As of the most recent medical record, dated in late March 2018, Dr. Lim noted plaintiff's report of improvement in pain relief "of 60 to 70 %" and improvement in functioning following the latest branch blocks and injection, and decided not to proceed with a rhizotomy ablation procedure "[s]ince the pain continues to be under good control." (AR 431.) Examination findings supported the finding of improvement. (*See* AR 24-25.)

Plaintiff takes a different view of the record, noting his continued need for strong medication and regular injections, and construing the record as reflecting severe, persistent, and worsening pain. (*See* AR 431-32.) He maintains the ALJ inaccurately described Dr. Lim's March 2018 record as stating only "*if* his back pain started to intensify" following his move to Washington State, "he should establish care with a pain physician [there] for consideration of the non-invasive rhizotomy procedure." (AR 25 (emphasis added).) He cites to the record as showing the temporary relief he received eroded and additional pain despite treatment, and as otherwise supporting his allegations. (*See* AR 43-44, 388-89, 393-95, 397-98, 401-02, 405, 410, 412, 414, 435-38.)

The ALJ bears the responsibility for assessing symptom testimony, resolving conflicts in the medical evidence, and resolving any ambiguities. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). *Accord Carmickle*, 533 F.3d at 1164; *Thomas*, 278 F.3d at 956-57. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not

ORDER
PAGE - 6

substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan*, 169 F.3d at 599.

The ALJ's different interpretation of the record is at least equally rational to that offered by plaintiff and therefore must be upheld. Plaintiff in large part relies on evidence of his subjective complaints and does not undermine the ALJ's reasonable interpretation of the record as a whole. Nor does plaintiff undermine the ALJ's rational interpretation of the evidence from Dr. Lim. (AR 431 ("Since the pain continues to be under good control, we will not proceed with rhizotomy at this point in time. I have advised the patient to find a pain physician in Washington State as soon as he is settled in in order to finalize his rhizotomy ablation procedure *once his low back pain started to intensify*.") (emphasis added).) The ALJ, in sum, properly considered the evidence as reflecting treatment had been relatively effective in controlling plaintiff's symptoms.

B.  Medical Evidence

The ALJ found the medical evidence did not substantiate the degree of pain alleged. (AR 26.) She found substantial evidence in the record to support the existence of impairments precluding the performance of light to heavy work, and found generally consistent with sedentary level work plaintiff's testimony he is able to stand five-to-ten minutes at a time and sit for about thirty minutes at a time without difficulty. The ALJ noted that the issue in this case was not the existence of pain, but rather the degree of incapacity resulting from that pain. She stated: "While the claimant complains of severe symptoms, it does not seem reasonable to conclude from the minimal findings in evidence that such could be the basis for the degree alleged." (AR 26.) Plaintiff did "not appear to be experiencing progressive physical deterioration, which might be expected when there are intense and continuous symptoms." (*Id.*)

Again, and for the same reasons discussed above, the ALJ's interpretation of the evidence is rational and supported by substantial evidence. Plaintiff also fails to establish error in the statement regarding progressive deterioration. The ALJ supported this statement with the preceding detailed discussion of the medical evidence and reasonably inferred that, rather than deterioration, the evidence showed improvement and the relative effectiveness of treatment. As observed by the Commissioner, the ALJ did not purport to find all of plaintiff's symptoms entirely resolved with treatment. She, instead, found the minimal findings in the record inconsistent with the degree of impairment alleged and reasonably construed the evidence as supporting her conclusion plaintiff could perform sedentary work. For these reasons, the ALJ's consideration of the medical evidence in relation to plaintiff's symptom testimony withstands scrutiny.

C. <u>Activities</u>

The ALJ also reasonably found evidence of plaintiff's activities not consistent with the extent of his allegedly disabling impairments. (AR 26.) Plaintiff is independent in his personal care and is able to feed and water pets, prepare simple meals and perform light household chores and laundry, leave his home unaccompanied, drive and navigate a vehicle, count change, pay bills, use bank accounts, shop in stores, and watch television and movies. Plaintiff finishes what he starts, follows written and spoken instructions well, get along well with others, including authority figures, visits with others in his home and at the homes of others, is active on social media and lists an email address in his contact information, and is able to attend medical appointments. The ALJ acknowledged plaintiff's testimony he had a close friend help him out with household tasks he could not perform, such as mopping, occasionally gets out to visit others, and had gone on roundtrips from Wichita Falls to Oklahoma City a few times since his onset date, but had to stop and rest along the way and did not drive on those trips. She stated plaintiff's "routine does not

appear restricted by his alleged disability; but, rather by choice." (*Id.*)

Plaintiff asserts the ALJ's contention of a restriction in his routine by choice is unsubstantiated and accordingly unsupported by substantial evidence. He argues none of the specific activities listed contradict his allegations of disabling back pain. He notes that claimants "need not vegetate in a dark room" in order to be found eligible for disability benefits, *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987), and describes his activities as minimal and not indicating his ability to work on a full-time basis. Plaintiff, finally, states the ALJ neglected to mention his report of only being able to perform his daily activities with difficulty and with help from friends. (AR 26, 214-20.)

Plaintiff's arguments lack merit. The ALJ did consider plaintiff's report of receiving assistance from friends, as well as his other testimony of impaired functioning. (AR 25-26.) The ALJ reasonably construed the evidence of plaintiff's activities as inconsistent with the degree of impairment alleged. *See Orn*, 495 F.3d at 639 (activities may undermine credibility where they (1) contradict the claimant's testimony *or* (2) "meet the threshold for transferable work skills[.]"); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (ALJ rationally considered activities of daily living including ability "to care for her own personal needs, cook, clean and shop[,] . . . interact[] with her nephew and her boyfriend[,] . . and manage her own finances and those of her nephew.") *See also Molina*, 674 F.3d at 1112-13 ("While a claimant need not '"vegetate in a dark room"' in order to be eligible for benefits, the ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting. Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.") (citations omitted). Finally, the ALJ's observation regarding

ORDER
PAGE - 9

restrictions in routine due to choice, rather than alleged disability, is an allowable and reasonable inference. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (ALJ "is entitled to draw inferences logically flowing from the evidence.") Indeed, as the Commissioner observes, the record in this case did not contain evidence from a medical source directing plaintiff to curtail his activities or opining as to greater limitation in functioning than that found by the ALJ.

## Medical Opinions

Plaintiff assigns error to the ALJ's partial reliance on the opinions of two non-treating, non-examining State agency physicians. This opinion evidence consists of evaluations from Leigh McCary, M.D., and Yvonne Post, D.O., dated on May 19, 2017 and August 9, 2017 respectively. (AR 65-66, 76-77.) Dr. McCary found plaintiff able to lift and/or carry fifty pounds occasionally and twenty-five pounds frequently, stand and/or walk and sit about six hours in an eight-hour workday, unlimited in pushing and pulling, and without any other limitations. (AR 65-66.) Dr. Post assessed the same limitations in standing, walking, and sitting, but found plaintiff limited to lifting twenty pounds occasionally and ten pounds frequently and to push and pull within those same amounts, limited to frequently climbing ramps, stairs, ladders, ropes, and scaffolds, occasionally balancing, frequently crouching and crawling, and otherwise unlimited. (AR 76-77.) The ALJ gave the opinions of Drs. McCary and Post some limited weight in that they were consistent with the ability to perform sustained work activity, but found plaintiff further limited in order to be fully consistent with the additional evidence received at the hearing level and the overall longitudinal record in its entirety.

Plaintiff notes the opinions of these doctors came before several treatment reports dated on or after August 28, 2017 and which he construes to show his increasing pain after the brief respite following surgery. (*See* AR 65-66, 77, 388-89, 397-98, 402, 405, 410, 412, 414, 435-38.) He

ORDER
PAGE - 10

maintains the opinions are therefore not based on substantial evidence in the record and that this matter should be remanded to afford the ALJ the opportunity to correct the legal error. However, "because state agency review precedes ALJ review, there is always some time lapse between the consultant's report and the ALJ hearing and decision." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). This fact does not alone undermine the substantial evidence support for the ALJ's decision.

Nor does plaintiff otherwise identify error in the ALJ's consideration of this opinion evidence. The ALJ properly considered and provided reasons for not fully accepting the medical opinions of record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("The ALJ must consider all medical opinion evidence. 20 C.F.R. § 404.1527(b)."); SSR 96-8p ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.") The ALJ, moreover, reasonably tempered the opinions in plaintiff's favor. *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[I]f a medical opinion adverse to the claimant has properly been given substantial weight, the ALJ does not commit reversible error by electing to temper its extremes for the claimant's benefit.") Because the ALJ bears the final responsibility for determining RFC, 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c), and because the ALJ here rationally interpreted the medical opinion and other evidence of record in assessing plaintiff's RFC, the decision has the support of substantial evidence.

## Development of Record

Plaintiff posits a noticeable dearth of medical evidence in the record, totaling 169 pages (AR 269-438), and notes the ALJ's decision to deny benefits upon concluding the medical evidence does not substantiate the degree of pain alleged (AR 26). Plaintiff contends the ALJ knew key evidence was missing, pointing to Dr. Lim's August 2017 statement that plaintiff had

participated in physical therapy (AR 388). He asserts the ALJ should have obtained the physical therapy records. Plaintiff also contends the ALJ erred in failing to determine whether he ever underwent a rhizotomy procedure after he moved to Washington State or a second MRI, as Dr. Lim had recommended (AR 402, 405). He asserts error in the ALJ's failure to either obtain missing medical records or to probe this issue with him at hearing.

Plaintiff also points to the absence of any RFC assessment in the record from a treating or examining provider and contends the ALJ was precluded from determining RFC without expert medical testimony or other medical evidence to support her conclusion. Plaintiff rejects the sufficiency of the opinions of the two non-examining physicians, reiterating that these doctors did not consider the entire record. Plaintiff maintains the ALJ should have ordered a consultative examination given her conclusion the record was not adequate to make a determination.

An ALJ has a "special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). That duty exists even when the claimant is represented by counsel, *id*., and includes development of medical history for at least the twelve months preceding the date of the application for benefits, 20 C.F.R. § 404.1512(b). An ALJ must "make every reasonable effort" to help a claimant get medical evidence, a process which entails making an initial request and, if not received, "one follow-up request to obtain the medical evidence necessary to make a determination." § 404.1512(b)(1)(i). The regulations allow for, but do not require the ALJ to issue subpoenas for evidence § 404.950 (d)(1), or to request that a claimant attend a consultative examination, § 404.1512(b)(2). They also provide claimants the opportunity to request a subpoena. § 404.950(d)(2) (a party who wishes to subpoena documents must file a written request for the issuance of a subpoena with the ALJ or at an SSA office at least ten days prior to a hearing).

However, "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). *Accord Tonapetyan*, 242 F.3d at 1150 ("Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'") (quoted source omitted). The claimant, moreover, bears the ultimate burden to prove disability. § 404.1512(a); *accord Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The claimant must provide information about or submit all known evidence relating to the allegation of disability. § 404.1512(a). This duty is ongoing and applies at each level of administrative review, including the Appeals Council. *Id.* A claimant's attorney also has an affirmative duty to obtain information and evidence that must be submitted. § 416.1540(b).

The ALJ in this case satisfied her obligations in regard to the record. At hearing, the ALJ inquired as to whether counsel for plaintiff had any objections to the admission of identified exhibits into the record. (AR 36-37.) Counsel did not raise any objections as to the sufficiency of the record either at hearing before the ALJ (*see id.*) or in seeking review by the Appeals Council (*see* AR 171-73). Plaintiff, accordingly, waived this argument. *See, e.g.*, *Dennis A. v. Berryhill*, C18-0776-MAT, 2019 U.S. Dist. LEXIS 36155 at \*24 (W.D. Wash. Mar. 6, 2019); *Michelle Alicia S. v. Berryhill*, No. 17-2114, 2019 U.S. Dist. LEXIS 24487 \*17-19 (C.D. Cal. Feb. 14, 2019); *Jones v. Berryhill*, 17-00215, 2018 U.S. Dist. LEXIS 135625 at \*10-12 (D. Idaho Aug. 9, 2018).

In addition, and contrary to plaintiff's suggestion, the ALJ did not find the evidence ambiguous or the record inadequate to allow for proper evaluation. The ALJ found the minimal findings in evidence did not support plaintiff's allegations. Neither the size of the record, nor the inclusion of only medical opinions from non-examining sources necessitated further development.

The ALJ properly executed her responsibility for determining plaintiff's RFC by "translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r*, *SSA*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). *See also Chapo*, 682 F.3d at 1288 (RFC finding need not directly correspond to a specific medical opinion). She was not required to obtain a consultative examination or to issue subpoenas.

Nor is it reasonable to allege the ALJ knew of and failed to obtain missing records. Plaintiff asserts but does not support the contention the ALJ knew of and failed to seek out physical therapy records or records associated with additional treatment and/or an MRI obtained following plaintiff's move to Washington State. In addition to not raising any objections as to the sufficiency of the record at the hearing level, plaintiff could have, but did not provide any such records to the Appeals Council and did not move to supplement the record under sentence six of 42 U.S.C. § 405(g). Even now, plaintiff makes no attempt to clarify whether any such records actually exist. Plaintiff does not, as such, demonstrate that the record is incomplete or that the ALJ failed to satisfy her duty to develop the record.

## CONCLUSION

For the reasons set forth above, this matter is AFFIRMED.

DATED this 2nd day of March, 2020.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 14